[Crim. No. 1370.   Fourth Dist.   July 22, 1958.]

THE PEOPLE, Respondent, v. WILLIAM M. RAY, Appellant.

W. B. Buttermore, under appointment by the District Court of Appeal, and Buttermore & Lightner for Appellant.

Edmund G. Brown, Attorney General, William E. James and Arthur C. De Goede, Deputy Attorneys General, for Respondent.

MUSSELL, Acting P. J.—The information filed against the defendant herein contained two counts. In the first count defendant was accused of the crime of unlawful taking and driving of a vehicle (Veh. Code, § 503) in that on or about October 11, 1957, he did drive a vehicle, to wit, a 1949 Ford sedan, belonging to Leon V. Thompson, without the consent of the owner and with the intent to deprive the owner of his possession of said vehicle. The second count charging the defendant with burglary (Pen. Code, § 459) was dismissed by the trial court and a jury returned a verdict finding the defendant guilty of the offense charged in count one of the information. His motion for a new trial was denied, imposition of sentence was suspended, and defendant was granted three years probation, one of the conditions of which was that he be confined in the county jail for the first six months of said probation period. Defendant appeals from the judgment and from the order denying his motion for new trial, contending that the trial court erred in "refusing to instruct on 'joy riding,' the lesser included offense."

On the afternoon of October 11, 1957, the appellant, a young sailor stationed at the Naval Training Center in San Diego,

and an acquaintance (Buckingham), left the said training center intending to go to Provo, Utah. They walked a short distance from the entrance gate and broke into a parked and locked 1949 green four-door Ford. Buckingham "hot wired" the car by crossing two terminals of the ignition switch with tinfoil. Appellant and Buckingham then proceeded to Highway 101 and north thereon until they approached a "check point" established by the United States Border Patrol, approximately 18 miles north of Oceanside. Appellant and Buckingham then turned left up a steep incline which divides the northbound and southbound lanes of traffic on Highway 101 and stopped the car, waiting to get into the southbound traffic lane and thus avoid going through the checking point. The border patrol officers, who were stopping all northbound traffic, approached the Ford and directed the driver to come back and go through the check point. When questioned by the officers, appellant stated he broke the vent glass on the right side of the car to gain entrance and Buckingham, who was driving, stated he had "hot wired" the car; that they had taken it from the Naval Training Center and that they thought it belonged to a friend of theirs, whose name was Ruhs.

Leon V. Thompson, the owner of the Ford car involved, testified that he was in the Navy and stationed at the Naval Training Center and had parked his 1949 Ford near the gate to the center on the afternoon of October 11, 1957; that he turned off the ignition and locked all four doors of the car and that when he returned the following morning, his car was gone; that he next saw it in a garage in Oceanside; that he did not know the appellant or Buckingham and had never given them or either of them permission to use his car.

On October 14, appellant was questioned by a police officer and signed a written statement that on October 11, 1957, he and Buckingham were planning to go to Provo, Utah; that they left the base about 3:15, went down town, got some clothes and went to the junction of Highway 101 and Rosecrans where he (Ray) was "written up" by the shore patrol for hitchhiking and was taken back to the base; that Buckingham was then at the barracks and they later "walked out the gate, went down to the left of gate three. We came to the 1949 Ford. I broke the right wind wing glass and opened the door. Buckingham hot wired the car and drove. We drove until we got on the other side of Oceanside." In this connection the officer testified that Ray did not state when

questioned that he had been given permission to take the car involved or any other car of similar description.

At the trial appellant testified that on October 11 he started out for Provo, Utah, to see his fiancée; that he looked for William Ruhs to get permission to use his car, a 1949 green Ford, which Ruhs generally parked near gate three; that he was unable to locate Ruhs and that he and Buckingham then went out gate three and saw a 1949 Ford, which they thought belonged to Ruhs; that he tried to pry the window open and it broke; that they looked for the key and it wasn't there and Buckingham then hot wired the car and they left in it, traveling north on Highway 101; that about five miles before they were stopped by the border patrol, he found the registration slip to the car and saw that it was registered to Leon V. Thompson; that "we threw the registration away"; that when he discovered that he had taken the wrong car, he and Buckingham decided that they would drive the car to Los Angeles and leave it there until they returned from Utah and then bring it back.

Appellant contends that the court erred in refusing to instruct the jury as to the provisions of section 499b of the Penal Code, "joy riding," being a lesser included offense. We are not in accord with this contention. Section 499b of the Penal Code provides that "Any person who shall, without the permission of the owner thereof, take any automobile, bicycle, motorcycle, or other vehicle, for the purpose of temporarily using or operating the same, shall be deemed guilty of a misdemeanor, . . ." Section 503 of the Vehicle Code provides that "Any person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with intent to either permanently or temporarily deprive the owner thereof of his title to or possession of such vehicle, whether with or without intent to steal the same, . . . is guilty of a felony."

In *People* v. *Ragone*, 84 Cal.App.2d 476 [191 P.2d 126], in a prosecution for taking or driving an automobile without the owner's consent in violation of Vehicle Code, section 503, the court held that the circumstances of the taking of the automobile involved permitted of no other inference than that of an intent to deprive its owner of his possession at least temporarily and, that "If the jury found, as it did, that appellants took the automobile, their intent to deprive the owner of his possession is so clear as to leave no room, under the facts, for

an instruction on Penal Code, section 499(b)." ■ And that "The general rule is that it is not error to omit or refuse to instruct the jury of their right to convict of lesser offenses included in that charged when the evidence shows, or tends to show, that the defendant, if guilty at all, is guilty of the offense charged. (See 8 Cal.Jur. 378 and authorities cited.)"

■ In *People* v. *Tellez*, 32 Cal.App.2d 217, 219-220 [89 P.2d 451], in a prosecution for grand theft of an automobile, the court said:

"The trial judge did not err in refusing to read section 499b of the Penal Code or to give a summary of it to the jury. That section makes it a crime for any person to take any automobile for the purpose of temporarily using or operating it without the permission of the owner. It is clearly intended to prevent unauthorized 'joy riding' in other people's automobiles. It defines a crime separate and distinct from and not necessarily related to theft. Under the facts before us there was no occasion to give any instruction on the provisions of that section."

■ In *People* v. *Orona*, 72 Cal.App.2d 478, 484 [164 P.2d 769], the court pointed out that there is a distinction between the offenses prohibited in section 499b of the Penal Code and section 503 of the Vehicle Code, saying:

"The former has been called the 'Joy-ride' statute. It does not require proof of the *intent* to '*deprive* the owner' of either the 'title to or *possession* of such vehicle.' (*People* v. *Neal*, 40 Cal.App.2d 115, 118 [104 P.2d 555].) The misdemeanor designated by section 499b of the Penal Code may be accomplished by merely taking the machine for the temporary *use or pleasure* of the accused person for a 'joy-ride.' If it be assumed that the offenses, or the penalties, provided for in section 503 of the Vehicle Code and section 499b of the Penal Code, are irreconcilably conflicting, which we do not concede, then, under the well known rule of construction, the Vehicle Code provision must prevail since it was last adopted and amended."

■ In *People* v. *Marquis*, 153 Cal.App.2d 553, 556-557 [315 P.2d 57], the court said:

"The latest expression of the Supreme Court as to when a lesser offense is 'necessarily included in that with which he is charged,' is *People* v. *Marshall*, 48 Cal.2d 394 [309 P.2d 456]. It was held that a lesser offense is 'necessarily included' if it is within the offense specifically charged in the accusatory pleading, even though its elements are not necessarily within

those of the statutory definition of the crime. The court said (p. 405):

"'Since the decisions as to included offenses, so far as they relate to choice of a standard to measure what offenses are "necessarily included" within the meaning of section 1159 of the Penal Code, have not expressly considered or decided the question of selection as between the language of the accusatory pleading and the statutory definition, we base our choice of the specific language of the accusatory pleading upon considerations of fairness to both parties.' "

In the instant case the allegations in the information clearly charge a violation of section 503 of the Vehicle Code and, according to appellant's own testimony at the trial, when he and Buckingham were within 5 miles of the check station they discovered that they had broken into, hot wired, and taken a car belonging to Leon V. Thompson; that they then threw the registration slip away and decided to take the car to Los Angeles and leave it there. Under these and other circumstances shown by the record there was no prejudicial error in refusing to instruct the jury as to the provisions of section 499b of the Penal Code.

Judgment and order affirmed.

Griffin, J., and McCabe, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.