452 P.2d 110

STATE of Arizona, Appellee,

v.

John W. SUTTON, III, Appellant.

No. 1885.

Supreme Court of Arizona.

In Banc.

March 28, 1969.

Rehearing Denied April 29, 1969.

**318**

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Green & Lurie, by Steven M. Friedman, Phoenix, for appellant.

LOCKWOOD, Vice Chief Justice:

Defendant John W. Sutton was convicted of two counts of child molesting in violation of A.R.S. § 13–653 and sentenced to not less than six nor more than nine years on each count, the sentences to run concurrently. From the conviction and sentence defendant appeals.

At his trial defendant requested the Court to instruct the jury that contributing to the delinquency of a minor was a lesser included offense of child molesting, and that if the jury found defendant guilty of any offense charged in the information, they should convict him of the lesser of the offenses. The Court's refusal to give these instructions is the sole basis of defendant's appeal.

■■■ The initial issue presented is whether contributing to the delinquency of a minor is a lesser included offense of child molesting. This is a question of first impression in this jurisdiction.[1] The test for determining whether one offense is included in another offense was set out by this Court in State v. Westbrook, 79 Ariz. 116, 285 P.2d 161, 53 A.L.R.2d 619 (1954): "The test to be applied is simple: Is the first offense one that cannot be committed without necessarily committing the second?" 79 Ariz. at 119, 285 P.2d at 162. Applying this test in conjunction with the definitions of the two offenses as found in the statutes we hold that contributing to the delinquency of a minor is a lesser included offense of child molesting.

A.R.S. § 13–653 is the child molesting statute and provides in pertinent part:

"A person who molests a child under the age of fifteen years by fondling, playing with, or touching the private parts of such child or who causes a child under the age of fifteen years to fondle, play with, or touch the private parts of such persons shall be guilty of a felony * * *."

A.R.S. § 13–822 provides:

"A person who by any act, causes, encourages or contributes to the dependency or delinquency of a child, as defined by § 13–821 * * * is guilty of a misdemeanor * * *."

A.R.S. § 13–821 provides:

" 'Delinquency' means any act which tends to debase or injure the morals, health or welfare of a child."

Applying the standard of Westbrook, *supra*, we find that contributing to the delinquency

---

1. In State v. Harvey, 98 Ariz. 70, 402 P.2d 17 (1965), it was held that the offenses of statutory rape and lewd and lascivious acts necessarily included the offense of contributing to the delinquency of a minor.

of a minor is a lesser included offense of child molesting, since a person who molests a child necessarily performs an act which *"tends* to debase or injure the morals, health or welfare of a child." (Emphasis added.)

 In light of the above we must now decide whether it was proper in this case for the Court to refuse defendant's requested instruction on lesser included offenses. In State v. Schroeder, 95 Ariz. 255, 389 P.2d 255 (1964), we upheld the failure of the Court to instruct on lesser included offenses, stating:

> "Under our holdings, instructions on lesser offenses are justified only when there is evidence upon which the jury could convict of a lesser offense and, at the same time, find that the state had failed to prove an element of the greater crime * * *. In other words, the state of the record must *not* be such that defendant can only be guilty of the crime charged or not guilty at all * *. For in these cases, if the jury accepts defendant's version of the killing, they must acquit; if not, and the state's proof is otherwise sufficient, the only alternative is conviction of the offense charged." (Emphasis added.) 95 Ariz. at 259, 389 P.2d at 257.

See also State v. Romero, 85 Ariz. 263, 336 P.2d 366 (1959); People v. Ray, 162 Cal.App.2d 308, 328 P.2d 219 (1958); People v. Romersa, 111 Cal.App.2d 173, 244 P.2d 98 (1952). Defendant maintained throughout the trial that he had not committed these acts with the two little girls. The state presented evidence showing he had in fact molested them. This record presents the "either guilty or innocent" situation where courts have refused to allow defendants to seek the shelter of a possible conviction of a lesser included offense. Therefore, we hold that the Court did not err in refusing defendant's requested instructions concerning the lesser in-cluded offense of contributing to the delinquency of a minor.

Judgment affirmed.

UDALL, C. J., and STRUCKMEYER,. McFARLAND and HAYS, JJ., concur.