542 P.2d 816

**STATE of Arizona, Appellee,**

v.

**Lavis WARD, Appellant.**

**No. 3084.**

Supreme Court of Arizona,
En Banc.

Nov. 17, 1975.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Lavis Ward was found guilty by a jury of voluntary manslaughter and sentenced to a term of twenty years to life in the Arizona State Prison. He now appeals and we have jurisdiction of the case pursuant to Article 2, § 24 and Article 6, § 5 of the Arizona Constitution, and A.R.S. § 12–120.-21.

The appellant urges that he was denied a fair trial when the prosecutor during the cross-examination of Ward and in his closing argument referred to the post-arrest silence that Ward maintained after being advised of his Miranda rights. It is necessary to discuss only this issue on appeal.

Ward killed a man with whom he was living in a homosexual relationship and his sole defense was that of self-defense. The

**392**

prosecutor questioned Ward on cross-examination whether a man acting in self-defense would have naturally told the police of his defense. He raised this point twice again in his closing argument. On appeal, the state concedes that the statements of the deputy county attorney were improper but contends that in light of the evidence against Ward, it is unnecessary to reverse the judgment and remand the case for a new trial citing *State v. Anderson*, 110 Ariz. 238, 517 P.2d 508 (1973). We disagree.

In *Anderson*, the evidence against the defendant was overwhelming and the defendant implicated himself by his own testimony. In this case, Ward admitted that he shot his friend and urged that it was in self-defense. There was ample evidence of the prior violent criminal activity of both persons. The deceased had previously been convicted of manslaughter and armed robbery. There was substantial evidence of the victim's outbursts of violence against the appellant: chasing Ward with a rake, cutting Ward with a knife, stabbing him in the shoulder blade, throwing a glass in his face so forcefully that glass was removed from Ward's head, and additional stabbings. There was evidence that the deceased had been using drugs and did drink and, the night of the incident, was acting as if he was drugged or drunk.

It is for the jury to judge the credibility of witnesses and for an appellate court to uphold their verdict if it is supported by substantial evidence. However, we cannot conclude in the presence of prosecutorial error of this nature and degree that the error was not prejudicial nor can we say as we could in *State v. Anderson, supra,* that the evidence against Ward is so overwhelming that the error was harmless beyond a reasonable doubt.

The judgment is reversed and the cause remanded for a new trial.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.