590 P.2d 1366

**STATE of Arizona, Appellee,**

v.

**Albert Earl JEROUSEK, Jr., Appellant.**

**No. 4398.**

Supreme Court of Arizona,
In Banc.

Feb. 6, 1979.
Rehearing Denied Feb. 27, 1979.

Robert K. Corbin, Atty. Gen., Jack A. LaSota, Jr., former Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

George M. Sterling, Jr., Phoenix, for appellant.

GORDON, Justice:

Appellant Albert Earl Jerousek, Jr., hereinafter referred to as the defendant, appeals his conviction for child molesting, in violation of A.R.S. § 13–653, committing lewd and lascivious acts upon a child under the age of 15, in violation of A.R.S. § 13–652, and attempted rape, second degree, in violation of A.R.S. §§ 13–611 B, 13–614 B, 13–1647, 13–108, 13–109, and 13–110. Taking jurisdiction pursuant to 17A A.R.S., Supreme Court Rules, rule 47(e)5, we affirm.

On June 28, 1978, the victim in this case, a seven year old girl, indicated to several other children that she had been sexually molested by the defendant. One of these children reported the incident to her mother, who, in turn, called the victim's mother and the Phoenix Police. The child was taken to Good Samaritan Hospital where she was sedated and examined. The examination revealed a one-inch superficial straight laceration posterior to the vaginal opening. The examining doctor testified at trial that the laceration was consistent with an attempt to penetrate the victim's vagina by an adult male's penis.

After being informed of such findings and interviewing the victim, a Phoenix police officer interviewed the defendant at his home. The defendant asserted that he had not raped the child or forced her to do anything, but did admit that he had taken off her clothes, placed his fingers in her vagina, performed cunnilingus upon her, and touched her vagina with his penis. When questioned as to how many times he had done this to the victim in the past, he stated that "it started last summer."

The defendant was arrested, and subsequently a complaint was filed charging him with the crimes that comprise his appeal. At trial, evidence was presented against the defendant by the victim and two neighborhood children who corroborated her story, and by introducing the defendant's confession through the testimony of the arresting officer. Testimony of the victim regarding prior occasions when the defendant had molested her was also admitted.

We are faced with six issues on appeal:

(1) Whether the trial court erred in determining that defendant's confession was voluntary.

(2) Whether the trial court abused its discretion by refusing defendant's request that the victim undergo a psychiatric examination and by refusing to submit to the jury the question of the victim's competency to testify.

(3) Whether the trial court erred in allowing the victim to testify concerning prior bad acts that the defendant had committed upon her.

(4) Whether the trial court erred in refusing to give defendant's requested instruction on a lesser included offense.

(5) Whether the trial court erred in refusing to instruct the jury to return a specific finding that the victim was under 15 years of age.

(6) Whether the sentence imposed by the trial court was excessive and an abuse of the trial court's discretion.

## VOLUNTARY NATURE OF CONFESSION

The defendant contends that his confession was involuntary, having been made in response to an implied promise that he would not be arrested if he cooperated. Officer Buckner testified at the voluntariness hearing that he went to the defendant's residence and identified himself to the defendant's wife as a police officer. He told her that he needed to talk to her husband and, because of the embarrassing nature of the charges, asked her to go with the two small children into the other room.

The officer identified himself to the defendant and advised him that he was a

suspect in a crime that the officer was investigating. The officer read the defendant his *Miranda* rights and ascertained that he understood them. He then advised the defendant that he was accused of committing rape, lewd and lascivious acts, and child molestation. The officer also told the defendant that he had probable cause to arrest him without asking any questions. The defendant then responded to a series of questions concerning what he had actually done. The officer subsequently placed the defendant under arrest. The defendant told his wife that he was going to jail because he had been playing around with a little girl.

The officer testified at the voluntariness hearing that his reason for not arresting the defendant immediately was to "get any statements I can, any incriminating statements and to continue with the investigation before placing him (the defendant) under arrest because I like to hear both sides of the story."

The defendant contends that because the officer did not arrest him before questioning, but merely told him that he had probable cause to do so, an implied promise was made to not arrest if the defendant cooperated. This Court does not agree.

■ Confessions are prima facie involuntary, and the burden is on the state to prove that the defendant's statements were freely and voluntarily made. *State v. Knapp*, 114 Ariz. 531, 562 P.2d 704 (1977); *State v. Edwards*, 111 Ariz. 357, 529 P.2d 1174 (1974). Moreover, for a confession to be deemed voluntary, it must not be obtained by a direct or implied promise, however slight. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Although *Brady, supra*, explicitly states that an implied promise will render a confession involuntary, we simply do not find that a promise, even an implied promise was made. We find the circumstances too attenuated to assume an implied promise to not arrest simply because an officer tells a suspect that he has probable cause to arrest, but postpones doing so until he hears the suspect's side of the story.

■ A prima facie case for admission of a confession is made when the officer testifies that the confession was obtained without threat, coercion or promises of immunity or a lesser penalty. *State v. Watson*, 82 N.M. 769, 487 P.2d 197 (1971). At the voluntariness hearing, Officer Buckner specifically stated that no promises were made to the defendant prior to arrest. A similar fact situation occurred in *State v. Jones*, 26 Ariz.App. 68, 546 P.2d 45 (1976). There, too, the defendant did not testify as to any implied or express promise, and the officer expressly stated that no promise was made. The court upheld the voluntariness of that confession, stating that it is for the trial court to resolve any conflicts in the evidence. The trial court's findings of fact on the voluntary nature of a confession will be upheld by this Court if supported by adequate evidence in the record. *People v. Pineda*, 182 Colo. 385, 513 P.2d 452 (1973); see also, *State v. Castoe*, 114 Ariz. 47, 559 P.2d 167 (1976).

■ We find that questioning a suspect before arresting him but after advising him of his rights and telling him that the officer has probable cause to arrest is not an implied promise to not arrest, if the defendant cooperates. Finding also that the record supports the trial court's ruling on voluntariness, we affirm.

## COMPETENCY OF THE VICTIM

Defendant contends that the trial court erred in not ordering a medical evaluation of the victim and in not submitting the question of her competency to the jury. Defendant bases his allegations on the victim's demeanor at trial and on A.R.S. § 12–2202, which states that children under ten cannot be witnesses if they "appear incapable of receiving just impressions of the facts respecting which they are to testify, or of relating them truly." Although A.R.S. § 12–2202 concerns civil proceedings, it is applicable to criminal trials pursuant to A.R.S. § 13–4061. *See also State v. Brown*, 102 Ariz. 87, 425 P.2d 112 (1967).

It has long been the law in Arizona that evaluating the competency of a witness is a matter left to the trial judge's discretion and that the court's ruling will not be overruled absent a clear abuse of discretion. *State v. Harris,* 107 Ariz. 41, 481 P.2d 504 (1971); *State v. Berry,* 101 Ariz. 310, 419 P.2d 337 (1966). A.R.S. § 12–2202 places a burden upon the trial court to examine all witnesses under the age of ten to determine their capability of receiving just impressions and relating them truthfully as witnesses. *Davis v. Weber,* 93 Ariz. 312, 380 P.2d 608 (1963). The trial judge's discretion in this matter is, however, practically unlimited.[1]

The victim in this case was seven years old at the time of the crime and eight when the case came to trial. Before the trial started, the judge, prosecutor and defense attorney questioned the child in chambers concerning her school, home life and her ability to tell the truth and knowledge of the necessity to do so. At the conclusion of this interview, the Court found that the witness was qualified to testify without a psychiatric examination, and that it would be in the hands of the jury to evaluate her credibility. We, therefore, find no abuse of discretion on the part of the trial judge in permitting the victim to testify.

Whether a psychiatric examination of a sex-crime victim, who is under the age of ten, should be required before she is allowed to testify is also left to the sound discretion of the trial court. *See State v. Berry, supra,* in which the trial court determined the competency of a six year old complaining witness without the aid of a psychiatric examination. *See also State v. Attebery, supra,* and *State v. Parker,* 106 Ariz. 54, 470 P.2d 461 (1970), in which the trial courts determined, without the aid of a psychiatric examination, that nine year old complaining witnesses were competent to testify.

In *Ballard v. Superior Court of San Diego County,* 64 Cal.2d 159, 49 Cal.Rptr. 302, 410 P.2d 838 (1966), the California Supreme Court held that the decision whether to require the victim of a sex crime to submit to a psychiatric examination should be left to the discretion of the trial court.

"[A] general rule requiring a psychiatric examination of complaining witnesses in every sex case or, as an alternative, in any such case that rests upon the uncorroborated testimony of the complaining witness would, in many instances, not be necessary or appropriate. Moreover, victims of sex crimes might be deterred by such an absolute requirement from disclosing such offenses." *Ballard,* 64 Cal.2d 159, 175–176, 49 Cal.Rptr. 302, 313, 410 P.2d 838, 849.

The need for a psychiatric examination of a victim of a sex crime would generally arise "only if little or no corroboration supported the charge *and* if the defense raised the issue of the effect of the complaining witness' mental or emotional condition upon her veracity." (Emphasis added.) *Ballard,* 64 Cal.2d 159, 176, 49 Cal.Rptr. 302, 313, 410 P.2d 838, 849.

In the instant case, the victim's testimony was corroborated not only by the defendant's confession but by the testimony of several neighborhood children. (The competency of these children was not challenged.) It was, therefore, not an abuse of the trial court's discretion to find a psychiatric examination of the victim unnecessary.

The defendant contends that, because of the witness' youth and the use of leading questions by the prosecution to examine the witness, he was deprived of his constitutional right to cross-examine the witness, which is included in the Sixth Amendment right of an accused to confront the witnesses against him. *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The primary objective of the

---

1. In *State v. Berry, supra,* the court's ruling that a six year old was a competent witness was upheld. See also the following cases, which uphold rulings that a seven year old, *Davis v. Weber, supra,* an eight year old, *State v. Pittman,* 118 Ariz. 71, 574 P.2d 1290 (1978), and a nine year old, *State v. Attebery,* 110 Ariz. 354, 519 P.2d 53 (1974), were competent to testify.

Confrontation Clause is to prevent depositions or ex parte affidavits from being used against a defendant in lieu of the witness testifying. *Douglas v. Alabama,* 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). The accused must have the opportunity of compelling the witness "to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." *Douglas v. Alabama,* 380 U.S. 415, 419, 85 S.Ct. 1074, 1077, 13 L.Ed.2d 934, 937.

 The victim *did* testify in court against Mr. Jerousek. Although she was deemed competent to testify, it was still in the jury's hands to judge her credibility. *See State v. Hunter,* 112 Ariz. 128, 539 P.2d 885 (1975); *State v. Ward,* 112 Ariz. 391, 542 P.2d 816 (1975). Moreover, it is within the court's discretion to allow leading questions during the direct examination of minor witnesses. *State v. McFarlin,* 110 Ariz. 225, 517 P.2d 87 (1973); *State v. King,* 66 Ariz. 42, 182 P.2d 915 (1947); *State v. Pierce,* 59 Ariz. 411, 129 P.2d 916 (1942). In *McFarlin, supra,* asking leading questions during the direct examination of the victim of a child molestation was upheld. This Court concluded that the questions were not too suggestive or unfair, that the evidence was compelling, and that the defense was unable to offer an explanation for defendant's acts. Having reviewed the record in the instant case, we reach the same conclusion. Moreover, the record reveals that on cross-examination, defense counsel did in fact question the victim extensively. We conclude, therefore, that because the defendant was allowed to both confront and cross-examine the victim, his rights were not unduly restricted.

We, therefore, uphold the trial court's finding that the witness was competent to testify. We also find no error in the court's rulings that a psychiatric examination of the victim was unnecessary and that the victim's competency need not be submitted to the jury.

## PRIOR BAD ACTS EVIDENCE

The defendant next alleges that the trial court erred in admitting evidence of his prior criminal acts. We do not agree. As a general rule, prior bad acts of the defendant will not be admitted into evidence. 17A A.R.S., Rules of Evidence, rule 404(b). The rationale for exclusion is a recognition of the prejudicial effect that the evidence would have on the defendant and the questionable relevancy of the evidence to the offense charged. The exceptions to the above rule are based on the strong relevancy of the particular evidence offered even though prejudicial to the defendant. *State v. McFarlin, supra.*

One such exception to the general prohibition on admitting evidence of the defendant's prior bad acts is the "emotional propensity for sexual aberration" exception. *State v. Treadaway,* 116 Ariz. 163, 568 P.2d 1061 (1977); *McFarlin, supra.* The exception is based on the belief that in charges of abnormal sexual acts, there is a sufficient basis to accept proof of similar acts near in time to the offense charged as evidence of the accused's propensity to commit such perverted acts. *Treadaway, supra.* It was under this exception that the trial court admitted the victim's testimony that the defendant had molested her on previous occasions.

The defendant initially contends that the sexual aberration exception has been destroyed by our opinion in *Treadaway, supra.* This is clearly not the case. In *Treadaway,* the prosecution submitted evidence of acts that the defendant had committed upon a 13 year old boy, three years earlier. We held that admitting the acts into evidence constituted reversible error, because the previous incident was neither similar nor near in time to the crime charged.

Our *Treadaway* holding was clarified in *State ex rel. LaSota v. Corcoran,* 119 Ariz. 573, 583 P.2d 229 (1978). There we affirmed the admission into evidence of *Treadaway's* alleged attack upon a boy three months prior to the occurrence of the crimes charged. We held that the admissibility of prior bad acts, which were similar

to the crimes charged and occurred near in time to the crimes charged, is governed by *State v. McFarlin, supra,* and not by *State v. Treadaway, supra.* We must, therefore, look to *McFarlin, supra,* to see if evidence of the defendant's prior acts was admissible.

For prior bad acts to be admissible under the sexual aberration exception, they must be similar to the crime charged, committed within a period shortly before or after the crime charged, involve sexual aberration, and be offered in a case involving a charge of sexual aberration. *See McFarlin, supra.* The defendant was charged with having committed lewd and lascivious acts, attempted rape, and child molestation. His alleged prior bad acts consisted of similar instances of molesting the victim. The victim's testimony indicated that these acts occurred during the previous school year and in the summer, prior to the date of the defendant's arrest. All of the requirements of *McFarlin* were, therefore, met and the prior bad acts properly admitted into evidence to show the defendant's propensity for sexual aberration.

Moreover, evidence of other occasions when the defendant molested the victim could have properly been admitted under the common scheme or plan exception of 17A A.R.S., Rules of Evidence, rule 404(b). *State v. Finley,* 108 Ariz. 420, 501 P.2d 4 (1972).

The defendant next contends that the prior bad acts were too vague to be admitted into evidence. It has long been the law in Arizona that when prior bad acts are to be used at trial, they must raise a reasonable inference as to the existence of the exception under which they are admitted. *State v. Hunt,* 91 Ariz. 145, 370 P.2d 640 (1962). In other words, in the instant case, the acts must raise a reasonable inference of sexual aberration. Although the other crime need not be proven beyond a reasonable doubt, the evidence must be sufficient both as to the commission of the other crime and as to its commission by the defendant, to take the prior bad act to the jury. *Corcoran, supra; see also State v. Marahens,* 114 Ariz. 304, 560 P.2d 1211 (1977).

We do not agree with the defendant that the evidence of his prior bad acts was vague and uncertain. In child molestation cases, the defendant can be convicted on the uncorroborated testimony of the victim. *McFarlin, supra.* The victim testified in detail regarding a previous incident when the defendant told her to hide in the closet because his wife had returned home. She also testified that she had "played games" with him on five other occasions, always at his house and always during the day in his bedroom. On cross-examination, she indicated that she had played games with the defendant six or seven times and that each time this happened the defendant had molested her. Although the victim could not testify as to the exact dates on which these prior acts occurred, she was certain of their occurrence and certain that they had occurred earlier in the summer.

It must be remembered that the victim was a young child. As we stated in *State v. Berry,* 101 Ariz. 310, 314, 419 P.2d 337, 341 (1966):

> "If we were to find a fatal variance under such circumstances it would seem to behoove one who chooses to sexually assault children at the risk of irreparable psychological and physical damage to his victim, to make sure that the child is sufficiently young to be incapable of effectively testifying as to specific dates in the year and minutes on the clock. We recognize, rather, that it is for the jury to determine the truth of the witnesses' story * * *."

In addition to the victim's testimony, the defendant's prior bad acts were evidenced by the testimony of the victim's sister and by the defendant's own confession that "it started last summer."

We, therefore, find that if separately charged, the evidence would have been sufficient to take the defendant's prior bad acts to a jury and that the evidence of his acts was not so vague as to mandate its exclusion.

## JURY INSTRUCTION ON LESSER INCLUDED OFFENSE

■ At trial, the defendant requested a jury instruction on the lesser included offense of contributing to the delinquency of a minor. The defendant now asserts that the trial court's refusal to give this requested instruction was error. We agree with the defendant that contributing to the delinquency of a minor is a lesser included offense of child molesting. *State v. Sutton,* 104 Ariz. 317, 452 P.2d 110 (1969). We find no error, however, in the trial court's refusal to give the requested instruction.

Pursuant to 17 A.R.S., Rules of Criminal Procedure, rule 23.3, forms of verdicts shall be submitted to the jury for all offenses necessarily included in the offense charged. This Court, has, however, construed "necessarily included" as justifying instructions on lesser-included offenses:

"only when there is evidence upon which the jury could convict of a lesser offense and, at the same time, find that the state had failed to prove an element of the greater crime. In other words, the state of the record must not be such that defendant can only be guilty of the crime charged or not guilty at all. When the sole defense to a charge of murder is an alibi, for example, or a plea of insanity, no instruction on included crimes is necessary. For in these cases, if the jury accepts defendant's version of the [crime], they must acquit; if not, and the state's proof is otherwise sufficient, the only alternative is conviction of the offense charged." *State v. Schroeder,* 95 Ariz. 255, 259, 389 P.2d 255, 257 (1964).

In *Sutton, supra,* the defendant maintained his innocence throughout the trial, and the State presented evidence of child molestation. Citing *Schroeder, supra,* this Court concluded that the record presented the "either guilty or innocent" situation in which the defendant cannot seek the shelter of possible conviction of a lesser included offense.

■ In the instant case, the defendant pled not guilty but presented no alternative explanation for his actions. He instead attempted to impeach the credibility of the victim and attempted to show, by cross-examining the doctor, that injury to the victim could have been caused by innocent means. This presents a guilty or innocent situation, as did *Sutton, supra.*

The trial court, therefore, properly refused to give the defendant's proposed instruction on a lesser included offense.

## SPECIFIC FINDING OF THE VICTIM'S AGE

■ The defendant was found guilty of having committed lewd and lascivious acts, in violation of A.R.S. § 13–652:

"A person who wilfully commits, in any unnatural manner, any lewd or lascivious act upon or with the body or any part or member thereof of a male or female person, with the intent of arousing, appealing to or gratifying the lust, passion or sexual desires of either of such persons, is guilty of a felony punishable by imprisonment for not less than one nor more than five years. If such person commits the act as described in this section upon or with a child under the age of fifteen years, such person shall be punished by imprisonment in the state prison for not less than five years nor more than life without the possibility of parole until the minimum sentence has been served."

The defendant claims that the court erred by not requiring the jury to return a verdict with a specific finding that the victim was under the age of 15 years. We find no error.

Defendant relies on *State v. Brady,* 2 Ariz.App. 210, 407 P.2d 399 (1965) as representing an analogous requirement for the crime of burglary, A.R.S. § 13–302. If the finding of guilt is to sustain burglary in the nighttime, and, therefore, the greater permissible sentence, this finding must be expressed by the jury in its verdict. *Brady, supra.* We feel, however, that *Brady* is distinguishable from the instant case.

In *Brady,* the information did not specify that the burglary occurred at night, no evidence of the time of day when the crime

occurred was presented at trial, and the jury was never instructed that a greater sentence could be imposed for a nighttime burglary. The jury's verdict, therefore, could only support punishment for the lesser crime of day-time burglary.

In the instant case, the information charged the defendant with having committed lewd and lascivious acts upon a child under the age of 15.[2] The victim's youth was also obvious from her appearance at trial. She testified that she was seven at the time of the crime, and eight at the time of trial. Testimony of a person's own age has long been an exception to the hearsay rule. Children have frequently been allowed to testify as to their own age. *State v. Harris,* 107 Ariz. 41, 481 P.2d 504 (1971). Moreover, the jury was instructed that the age of the victim was an element of the crime:

"A person who, (1) wilfully, (2) in any unlawful manner, (3) commits a lewd and lascivious act upon or with the body of, (4) a child under the age of 15, (5) with the intent of arousing, appealing, or gratifying, the lust, passion or sexual desires of either of such person, is guilty of lewd and lascivious acts."

In *Brady, supra,* there was no evidence to support the imposition of enhanced punishment. In the instant case, however, there was no way for the jury to conclude that the lesser punishment was applicable. It was, therefore, unnecessary for the jury to make a specific finding that the victim was under the age of 15.

### EXCESSIVE SENTENCE

■ Defendant alleges that his three concurrent sentences of seven to seventeen years are excessive and should be modified by this Court. We do not agree. The imposition of a penalty upon conviction is entirely within the discretion of the trial court, and will not be reduced unless it clearly appears that the sentence imposed is excessive, resulting in an abuse of discretion. *State v. Pickard,* 105 Ariz. 219, 462 P.2d 87 (1969). The defendant appears before the trial judge, rendering that judge, in most instances, more able than ourselves to evaluate the defendant and his circumstances. *State v. Smith,* 107 Ariz. 218, 484 P.2d 1049 (1971).

■ In reviewing the propriety of the trial judge's discretion, we must look to the general character of both the party convicted and the offense charged. *State v. Patton,* 121 Ariz. 386, 586 P.2d 635 (1978). The defendant focuses solely on the character of the accused and concludes that the sentence imposed is too severe. He relies heavily on recommendations of the probation officer and defendant's doctor that he be given probation, and on testimony at the mitigation hearing regarding his good character. Although a judge is aided by the recommendation of others, it is fundamental that he is not bound by any of these suggestions. *Patton, supra.* Notwithstanding these recommendations, the sentence imposed can be supported by the facts presented to the trial judge.

■ When looking to the character of the defendant we note that although he has been receiving medical assistance, he did not seek such help until he had been arrested and charged with the crimes that comprise this case. We are aware that the collateral effects of defendant's conviction have been severe, including his loss of employment and the necessity to move his family from the neighborhood in which the crimes occurred. These, however, are not substitutes for the state's ability to impose punishment in the form of incarceration.

In addition to the character of the defendant, we must consider the character of the crime itself. There was ample evidence that the defendant had sexually molested the seven year old victim and had committed lewd and lascivious acts upon her on various occasions prior to the date of the offenses for which he was convicted.

---

2. The information was read incorrectly to the jury, stating that the defendant was charged with having committed lewd and lascivious acts upon a child under the age of 19 years.

The enhanced punishment provision is applicable when the victim is under 15 but, because of the obvious youth of the child, this misstatement could not have caused any prejudice.

430

The defendant was convicted of child molesting, which carries a range of sentence from one year to life, A.R.S. § 13–653; lewd and lascivious acts on a child under the age of 15, which carries a range of sentence from 5 years to life, A.R.S. § 13–652; and attempted rape, second degree, which carries a range of sentence from six months in the county jail to one-half the maximum punishment for second degree rape, which is life. A.R.S. §§ 13–611, 13–614 and 13–110. Defendant's concurrent sentences of 7 to 17 years were, therefore, well within the statutory limits.

We are aware of the hardship that this sentence places upon the defendant. We conclude, however, that the trial court adequately considered both the defendant's circumstances and the serious and depraved nature of the defendant's crime, as well as its effect upon a young girl and her family. We, therefore, hold that the trial court did not abuse its discretion in sentencing the defendant to three concurrent terms of seven to seventeen years in prison.

The judgment and sentence of the Superior Court are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concurring.