NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

ALEXANDER PAUL CELAYA,
*Appellant*.

No. 1 CA-CR 14-0849
FILED 3-1-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-415890-001
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

DeBrigida Law Offices, PLLC, Glendale
By Ronald M. DeBrigida, Jr.
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

_____

**S W A N N**, Judge:

**¶1**         Alexander Paul Celaya ("Defendant") appeals his convictions for five counts of molestation of a child.  Defendant contends the court erred by denying his motion to sever Counts 1 and 2 from Counts 3 through 13.  He also contends that the court erred by denying his motions for judgments of acquittal.  Because Defendant waived severance at trial and the state presented substantial evidence of all elements of the molestation charges, we affirm the convictions.

### FACTS AND PROCEDURAL HISTORY

**¶2**         In July 2012, K.C., Defendant's daughter, spent several weeks with him in Arizona before returning to her mother in New Mexico.  Defendant and the mother had been divorced since 2010 and shared time with K.C.  In November 2012, K.C.'s mother found her in her play tent without her pants or undergarments with a stuffed animal between her legs.  Her mother asked what she was doing, and K.C. began to cry and said that it was what her "Daddy" does.  Her mother contacted the police in New Mexico.  An investigator in New Mexico interviewed K.C., and a specially trained nurse conducted a physical exam.  K.C. stated that Defendant had taken her to his room and touched his hand and penis to her vaginal area.  The physical exam revealed nothing abnormal.

**¶3**         When Defendant's uncle and aunt who lived in Arizona learned about K.C.'s statements, they asked their daughter, J.H., if Defendant had ever touched her inappropriately.  She told her mother that Defendant had done so when she was around six years old, on more than one occasion.  J.H.'s father called the police.  An investigator interviewed J.H. but did not request a physical examination because of the length of time since the incidents.  J.H. stated that Defendant took her upstairs into another room, removed their pants, and made her touch her vaginal area and his penis.

**¶4**         Several family members confronted Defendant to try to get a confession.  According to J.H.'s father, Defendant initially denied the

STATE v. CELAYA
Decision of the Court

accusations, but then said that he "[didn't] recall" the incidents, "[didn't] think that could have happened," and "didn't remember [molesting the girls]."

¶5        For victim K.C., Defendant was indicted on one count of molestation of a child, a class 2 felony and a dangerous crime against children, and one count of public sexual indecency to a minor, a class 5 felony.  For victim J.H., he was indicted on seven counts of kidnapping, class 2 felonies, and four counts of molestation of a child, class 2 felonies and dangerous crimes against children.  Defendant moved to have Counts 1 and 2 for K.C. severed from Counts 3 through 13 for J.H., contending severance was necessary for a fair trial.  The court denied the motion.  The parties later stipulated to the dismissal of five kidnapping counts.

¶6        At trial, both victims testified, and the state played a portion of J.H.'s interview with the investigator.  At the close of the state's evidence, the state agreed that it did not provide evidence to support Count 2 (public sexual indecency), and the court granted a judgment of acquittal on that count.  Defendant argued that the court should grant judgments of acquittal for the remaining counts.  He asserted that K.C. did not identify him as the perpetrator, only referring to the perpetrator as "Dad," which could have been Defendant or her stepfather, and J.H. did not remember the molestation by the time the case went to trial.  The court denied the motion on the remaining counts.

¶7        The jury found Defendant not guilty of both kidnapping charges but found him guilty of the five molestation charges.  The court entered judgment on the verdicts and sentenced Defendant accordingly.

¶8        Defendant appeals.

**DISCUSSION**

I.    DEFENDANT WAIVED SEVERANCE BY FAILING TO RENEW HIS MOTION TO SEVER.

¶9        Defendant contends the court erred by denying his motions to sever Counts 1 and 2 for victim K.C. from Counts 3 through 13 for victim J.H.  A defendant is entitled to severance as of right when the offenses are "joined only by virtue of Rule 13.3(a)(1),[1] unless evidence of the other

---

1        According to Ariz. R. Crim. P. 13.3(a)(1), two or more offenses may be joined if they "[a]re of the same or similar character."  The counts were joined in this case because of the same or similar character.

offense or offenses would be admissible under applicable rules of evidence if the offenses were tried separately." Ariz. R. Crim. P. 13.4(b). The defendant must make the motion to sever at least 20 days before trial or at the omnibus hearing, and if the court denies the motion, the defendant must renew it during trial or before the close of evidence. Ariz. R. Crim. P. 13.4(c). The defendant waives severance if the motion is not timely and renewed at trial. *Id.*

**¶10**      Defendant did timely make his initial motion for severance. He did not, however, renew the motion "during trial or at the close of evidence." He therefore waived the issue, and we have no grounds upon which to review the court's decision.

## II.      THE COURT PROPERLY DENIED THE MOTION FOR JUDGMENTS OF ACQUITTAL ON THE MOLESTATION COUNTS.

**¶11**      Defendant also contends that the court erred by denying his Rule 20 motion for judgments of acquittal on the remaining counts at trial as the state presented no physical evidence of molestation and the victims' testimony was uncorroborated.

**¶12**      Ariz. R. Crim. P. 20(a) requires the court to enter a judgment of acquittal "if there is no substantial evidence to warrant a conviction." Substantial evidence is "such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Harm*, 236 Ariz. 402, 406, ¶ 11 (App. 2015) (citation omitted). We examine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Buccheri-Bianca*, 233 Ariz. 324, 330-31, ¶ 24 (App. 2013) (citation omitted). We review a denial of a motion for judgment of acquittal de novo. *State v. Bon*, 236 Ariz. 249, 251, ¶ 5 (App. 2014).

**¶13**      Because the court granted the Rule 20 motion for Count 2 on public sexual indecency to a minor and the jury acquitted Defendant of kidnapping, we must only consider the molestation charges. The state was required to prove that Defendant "intentionally or knowingly engag[ed] in or caus[ed] a person to engage in sexual contact . . . with a child who is under fifteen years of age" for each of the charges of molestation. A.R.S. § 13-1410(A). The statutory definition of "sexual contact" is "any direct or indirect touching, fondling or manipulating of any part of the genitals . . . by any part of the body . . . or causing a person to engage in such contact." A.R.S. § 13-1401(A)(3).

**¶14** The testimony at trial provided substantial evidence for each element of the molestation counts. K.C. testified that when she was four years old Defendant had touched her vaginal area with both his hand and his penis, which qualifies as sexual contact. She identified the person who touched her inappropriately as "Daddy," a name she used only for her biological father. While there was some confusion about the exact date of the act, the court concluded it occurred within the time frame in the indictment. J.H. also testified that, when she was around six years old, Defendant on more than one occasion touched her vaginal area and made her touch his penis, and she identified Defendant in court. Defendant asserts that no physical evidence supports the convictions, only testimony from the victims, but "[p]hysical evidence is not required to sustain a conviction where the totality of the circumstances demonstrates guilt beyond a reasonable doubt." *State v. Canez*, 202 Ariz. 133, 149, ¶ 42 (2002). Neither is it required to defeat a Rule 20 motion.

**¶15** Defendant also argues that because the victims' testimony was uncorroborated, he was entitled to judgments of acquittal. The argument is both legally and factually unfounded. *See State v. Jerousek*, 121 Ariz. 420, 427 (1979) ("In child molestation cases, the defendant can be convicted on the uncorroborated testimony of the victim."). In addition to the victims' testimony, the court also heard testimony from K.C.'s mother, J.H.'s father, the investigating officer, J.H.'s forensic interviewer and K.C.'s examining nurse, which supported the victims' testimony.

## CONCLUSION

**¶16** For the foregoing reasons, we affirm Defendant's convictions.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama