IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

———————————————

THE STATE OF ARIZONA,
*Respondent*,

*v.*

PHILLIP GREGORY SPEERS,
*Petitioner*.

No. 2 CA-CR 2015-0315-PR
Filed November 2, 2015

———————————————

Petition for Review from the Superior Court in Yuma County
No. S1400CR200000472
The Honorable Christopher T. Whitten, Judge

**REVIEW GRANTED; RELIEF GRANTED IN PART**

———————————————

COUNSEL

Jon R. Smith, Yuma County Attorney, Yuma
*Counsel for Respondent*

Law Office of Harley Kurlander, Tucson
By Harley Kurlander
*Counsel for Petitioner*

## OPINION

Judge Espinosa authored the opinion of the Court, in which Chief Judge Eckerstrom and Judge Brammer[1] concurred.

E S P I N O S A, Judge:

**¶1**  Petitioner Phillip Gregory Speers seeks review of the trial court's order summarily denying his petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P., alleging, *inter alia*, claims of ineffective assistance of counsel. We grant review and, for the following reasons, we vacate the court's order in part and remand the case for an evidentiary hearing on two of Speers's claims.

## Relevant Procedural History

**¶2**  This post-conviction proceeding relates to Speers's second jury trial in this cause for charges brought against him in 2000. He was convicted in 2003 of four counts of child molestation and one count of sexual conduct with a minor involving four girls who had been students in his second-grade class. The trial court sentenced him to prison terms totaling seventy-one years. We reversed Speers's convictions on appeal, concluding the court had erred in "precluding expert testimony regarding suggestive interview techniques and its influence on children's memories" and that the error "[could not] be deemed harmless." *State v. Speers*, 1 CA-CR 03-0812, ¶¶ 8-9, 34 (memorandum decision filed Feb. 24, 2005).

**¶3**  After the case was remanded in 2005, Speers waived his right to counsel and began representing himself, with the assistance of advisory counsel Kristi Riggins. On the seventh day of trial, the

---

[1]The Hon. J. William Brammer, Jr., a retired judge of this court, is called back to active duty to serve on this case pursuant to orders of this court and our supreme court.

court granted Speers's request to appoint Riggins to represent him for the remainder of the proceedings.

¶4        The jury began deliberating on the fourteenth day of trial.  During deliberations, the foreperson sent the trial court a note reporting that one of the jurors had asked an adult relative, who had been molested as a child, about the clarity of her memories of those events and that he had related her responses to other jurors.  After questioning each of the jurors, the court denied Riggins's request for a mistrial; excused juror eleven, who reportedly had made the statements about his relative; recalled an alternate juror to service; and directed the jury to begin deliberations anew.[2]

¶5        On the nineteenth day of trial, the jury found Speers guilty of molesting M.G. and M.A., as alleged in counts three and five of the indictment, and acquitted him of the other charges. Riggins filed a motion for new trial raising numerous issues, including a claim that juror misconduct had warranted a mistrial. The trial court denied the motion and sentenced Speers to two consecutive seventeen-year prison terms.  Speers represented himself on appeal, and this court affirmed his convictions and sentences, rejecting, *inter alia*, his claim that he had been entitled to a mistrial based on juror eleven's misconduct.  *State v. Speers*, 1 CA-CR 07-0796 (memorandum decision filed June 1, 2010).

¶6        In his Rule 32 petition below, Speers alleged Riggins, in her role as trial counsel, had rendered ineffective assistance in the following ways:  (1) abandoning a proposed jury instruction on contributing to the delinquency of a minor as a lesser-included offense of molestation; (2) interfering with his right to self-representation by failing to inform him, before he agreed to waive his right and be represented by her, of her intent to withdraw his request for the instruction; and (3) failing to develop a record of alleged misconduct by another juror, juror two, thereby precluding him from raising the issue on appeal.  He also claimed, as a newly

---

[2] The trial court empaneled sixteen jurors, including four alternates.  When identifying a juror by number in this decision, we refer to the number originally assigned to each juror.

discovered material fact entitling him to a new trial, *see* Ariz. R. Crim. P. 32.1(e), that juror thirteen wrongly failed to disclose during voir dire that he had worked for the Yuma County Detention Center when Speers was incarcerated there during his first trial. With respect to this last claim, he argued, in the alternative, that previously assigned Rule 32 counsel[3] had rendered ineffective assistance in failing to investigate juror thirteen's alleged misconduct in a timely manner.

¶7        Speers supported his petition with his own affidavits and the affidavits of others, including juror two and C.W., an apparent friend who averred she had voluntarily assisted Speers during his trials with such activities as "typing, phone calls, [and] finding case law." He also submitted transcripts of recorded interviews with jurors eleven and thirteen, supported by an affidavit of current counsel regarding reasons affidavits from these jurors were unavailable. He additionally provided the affidavit of attorney Harold L. Higgins Jr., who averred he had forty years' experience in criminal law and opined that Riggins's performance "fell below community standards and was ineffective under prevailing case law" with respect to the following two issues: (1) her failure to request a lesser-included offense instruction that "was appropriate both factually and legally" and relevant to "the counts on which guilty verdicts were returned" and (2) her failure to present the trial court with extrinsic evidence, "by affidavit or other verifying documentation," of juror two's alleged jury misconduct, thereby "fail[ing] to preserve the issue for direct appellate review."

¶8        The trial court summarily denied the petition, finding Speers failed to state a colorable claim for relief. In addition, the court found Speers's ineffective assistance claims precluded by his failure to raise them on direct appeal. This petition for review followed.

---

[3]Speers was appointed several different counsel in this Rule 32 proceeding before his current counsel filed a notice of substitution of counsel.

## Discussion

**¶9**         A trial court must summarily dismiss a Rule 32 petition if all claims are precluded or if, with respect to non-precluded claims, it finds no "material issue of fact or law exists which would entitle the defendant to relief." Ariz. R. Crim. P. 32.6(c).   But a defendant is entitled to a hearing if a non-precluded claim for post-conviction relief "is colorable." *State v. Bennett*, 213 Ariz. 562, ¶ 17, 146 P.3d 63, 67 (2006).   A colorable claim is one that has "the appearance of validity," *State v. Boldrey*, 176 Ariz. 378, 380, 861 P.2d 663, 665 (App. 1993)—"one that, if the allegations are true, might have changed the outcome," *State v. Runningeagle*, 176 Ariz. 59, 63, 859 P.2d 169, 173 (1993).

**¶10**         We review a summary denial of post-conviction relief for an abuse of discretion, which may include an error of law.  *See State v. Petty*, 225 Ariz. 369, ¶ 7, 238 P.3d 637, 639 (App. 2010). Although a defendant's entitlement to an evidentiary hearing "is, to some extent, a discretionary decision for the trial court," that court "must be mindful . . . that when doubt exists, 'a hearing should be held to allow the defendant to raise the relevant issues, to resolve the matter, and to make a record for review.'"  *State v. D'Ambrosio*, 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988), *quoting State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986).  We review de novo issues of law, such as whether a claim is precluded by waiver pursuant to Rule 32.2(a)(3).  *See Petty*, 225 Ariz. 369, ¶ 7, 238 P.3d at 639; *see also State v. Denz*, 232 Ariz. 441, ¶ 6, 306 P.3d 98, 101 (App. 2013) (performance and prejudice components of ineffective assistance claim present mixed questions of fact and law).

**¶11**         On review, Speers argues the trial court abused its discretion in concluding he failed to state colorable claims and in determining his ineffective assistance claims were precluded by his failure to raise them on appeal.  As addressed below, we agree with Speers that his claims are not precluded.  We also conclude he was entitled to a hearing on his claims that counsel was ineffective in abandoning a proposed jury instruction and in failing to develop a record of alleged misconduct by juror two.  But we find no abuse of discretion in the court's summary denial of Speers's claims alleging

counsel's impairment of his right of self-representation and newly discovered evidence of misrepresentations by juror thirteen.

Ineffective Assistance of Counsel

**¶12**         "To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *Bennett*, 213 Ariz. 562, ¶ 21, 146 P.3d at 68, *citing Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on such a claim, a defendant must overcome the "strong presumption" that counsel performed "within the wide range of reasonable professional assistance" by demonstrating that counsel's conduct fell below "prevailing professional norms." *Strickland*, 466 U.S. at 687-89; *see also State v. Febles*, 210 Ariz. 589, ¶ 20, 115 P.3d 629, 636 (App. 2005); *State v. Herrera*, 183 Ariz. 642, 647, 905 P.2d 1377, 1382 (App. 1995). Thus, he is "required to show counsel's decisions were not tactical in nature, but were instead the result of 'ineptitude, inexperience or lack of preparation.'" *Denz*, 232 Ariz. 441, ¶ 7, 306 P.3d at 101, *quoting State v. Goswick*, 142 Ariz. 582, 586, 691 P.2d 673, 677 (1984).

**¶13**         A defendant establishes prejudice resulting from such deficient performance "if []he can show a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Bennett*, 213 Ariz. 562, ¶ 25, 146 P.3d at 69, *quoting Strickland*, 466 U.S. at 694; *see also Nix v. Whiteside*, 475 U.S. 157, 175 (1986) (*Strickland*'s prejudice component does not require defendant to establish attorney's errors "more likely than not" altered result).

Preclusion

**¶14**         Rule 32.2(a)(3) precludes relief on a claim that has been "waived at trial, on appeal, or in any previous collateral proceeding." This is Speers's first Rule 32 proceeding and his first opportunity to raise claims of ineffective assistance of counsel. *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, ¶ 20, 153 P.3d 1040, 1044 (2007) (defendant may bring ineffective assistance claims "*only* in a

Rule 32 post-conviction proceeding—not before trial, at trial, or on direct review"). Because Speers was not permitted to raise such claims on direct appeal, *see State v. Spreitz*, 202 Ariz. 1, ¶ 9, 39 P.3d 525, 527 (2002), they are not precluded by waiver for his failure to do so. "The preclusion rules exist to prevent multiple post-conviction reviews, not to prevent review entirely." *State v. Rosales*, 205 Ariz. 86, ¶ 12, 66 P.3d 1263, 1267 (App. 2003).

Lesser-Included Offense Instruction

**¶15**        In its order denying relief, the trial court relied on Riggins's affidavit, submitted with the state's response, to conclude she had made a reasoned "tactical decision" to withdraw Speers's proposed jury instruction on the lesser-included offense of contributing to the delinquency of a minor.[4] The court noted our supreme court in *State v. Lee* held "[d]isagreements in trial tactics will not support a claim of ineffectiveness provided the conduct has some reasoned basis," 142 Ariz. 210, 214, 689 P.2d 153, 157 (1984), and concluded, on that ground, that Speers had failed to state a colorable claim that counsel performed deficiently.

**¶16**        We agree that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. But in the context of an ineffective assistance claim, "[s]trategic decisions are 'conscious, reasonably informed decision[s] made by an attorney with an eye to benefitting his client.'" *Denz*, 232 Ariz. 441, ¶ 11, 306 P.3d at 102, *quoting Pavel v. Hollins*, 261 F.3d 210, 218 (2d Cir. 2001) (first alteration added, second alteration in *Denz*). Based on Riggins's affidavit, her acquiescence in omission of the lesser-included instruction was not a reasoned choice among strategic options, designed to benefit her client. *See id.* Instead, she maintained her decision was based on her legal conclusion that

---

        [4] Before trial, Speers had submitted his proposed jury instructions, including the same lesser-included offense instruction that had been given at his first trial, limited in application to molestations charged in counts three through five of the indictment.

Speers was not entitled to the instruction and her determination that she could not "make an ethical, good faith argument requesting [it]."

¶17        Specifically, Riggins stated she had been aware of Speers's request for the jury instruction and, after she was appointed to represent him but before final instructions were settled, she researched whether the instruction "was supported by the law and the facts presented at trial." She said her research had "revealed that [contributing to the delinquency of a minor is] a lesser-included offense to child molestation, but not if the defense is that the defendant never inappropriately touched the victim." According to Riggins's affidavit, the trial court brought up Speers's request when settling final instructions and said it did not believe the lesser-included instruction applied; Riggins agreed and did not object to its omission, "[b]ased on her research and the defense presented at trial."

¶18        "[T]rial decisions that appear to be based on counsel's beliefs respecting his or her duty to the court rather than his or her professional assessment of strategic options are . . . subject to judicial review" in an ineffective assistance claim, and counsel may have performed deficiently if she was "unreasonably mistaken" about the law. *Lee*, 142 Ariz. at 218-19, 689 P.2d at 161-62; *see also Hinton v. Alabama*, ___ U.S. ____, ____, 134 S. Ct. 1081, 1089 (2014) (counsel's performance may be found deficient based on "inexcusable mistake of law"). Citing Riggins's affidavit, Speers argues she relied on an incorrect legal analysis to the extent she concluded it would have been "improper under Arizona law to give the lesser charge where an 'all or nothing' defense is posed" and failed to consider evidence at trial that supported the instruction.

¶19        A trial court must instruct the jury on all offenses "necessarily included in the offense charged" if asked to do so. Ariz. R. Crim. P. 23.3. "[A]n offense is 'necessarily included,' and so requires that a jury instruction be given, only when it is lesser included and the evidence is sufficient to support giving the instruction." *State v. Wall*, 212 Ariz. 1, ¶ 14, 126 P.3d 148, 150 (2006), *quoting State v. Dugan*, 125 Ariz. 194, 195, 608 P.2d 771, 772 (1980) (emphasis omitted). On direct appeal, we review a court's omission of a lesser-included offense instruction that has not been requested

for fundamental error. *See State v. Fish*, 222 Ariz. 109, ¶ 79, 213 P.3d 258, 281 (App. 2009). But a defendant who has withdrawn his request for a lesser-included instruction has invited error and forfeited review of the issue on direct appeal. *See id.* ¶ 80.

**¶20** In *Wall*, decided the year before Speers's trial, our supreme court clarified that "evidence in the record can be sufficient to require a lesser-included offense instruction even when the defendant employs an all-or-nothing defense," although, "[a]s a practical matter, when a defendant asserts an all-or-nothing defense such as alibi or mistaken identity, there will 'usually [be] little evidence on the record to support an instruction on the lesser included offenses.'" 212 Ariz. 1, ¶¶ 29-30, 126 P.3d at 153, *quoting State v. Caldera*, 141 Ariz. 634, 637, 688 P.2d 642, 645 (1984) (first alteration added, second alteration in *Wall*). The court further explained evidence is "sufficient to require a lesser-included offense instruction if two conditions are met. The jury must be able to find that (a) the State failed to prove an element of the greater offense and (b) the evidence is sufficient to support a conviction on the lesser offense"; in other words, "the evidence must be such that a rational juror could conclude that the defendant committed only the lesser offense." *Id.* ¶ 18; *see also State v. Celaya*, 135 Ariz. 248, 252-53, 660 P.2d 849, 853-54 (1983) (instruction warranted when, from evidence presented, jury could rationally find state failed to prove disputed element distinguishing greater offense from lesser).

**¶21** Our supreme court has long held that contributing to the delinquency of a child is a lesser-included offense of child molestation, as Riggins recognized in her affidavit. *See State v. Jerousek*, 121 Ariz. 420, 428, 590 P.2d 1366, 1374 (1979); *State v. Sutton*, 104 Ariz. 317, 318-19, 452 P.2d 110, 111-12 (1969). "A person commits molestation of a child by intentionally or knowingly engaging in . . . sexual contact . . . with a child who is under fifteen years of age," A.R.S. § 13-1410, with "sexual contact" defined, as relevant here, as "any direct or indirect touching, fondling or manipulating of any part of the genitals." A.R.S. § 13-1401(A)(3). A person contributes to the delinquency of a child when he "by any act, causes, encourages or contributes to the . . . delinquency of a child," A.R.S. § 13–3613(A), with delinquency defined as "any act

that tends to debase or injure the morals, health or welfare of a child," A.R.S. § 13–3612(1).[5]

**¶22**        As Speers argued below, contributing to a child's delinquency is a broadly drawn offense, such that whether "the act falls within the statutory prohibition is a question for the trier of fact." *State v. Hixson*, 16 Ariz. App. 251, 253, 492 P.2d 747, 749 (1972) (noting "myriad of acts" might satisfy definition; evidence defendant "French-kiss[ed]" thirteen-year-old girl and gave her cigarette sufficient to withstand motion for acquittal); *see also* A.R.S. § 13-3618(A) (providing "[A.R.S.] §§ 13-3612 through 13-3618 shall be liberally construed in favor of the state . . . to protect children . . . from the effects of the improper conduct, acts or bad example of any person which may be calculated to cause, encourage or contribute to the . . . delinquency of children"); *State v. Locks*, 94 Ariz. 134, 136, 382 P.2d 241, 242 (1963) (defendant store owner sold minor "'Girlie' magazines"); *Loveland v. State*, 53 Ariz. 131, 132–33, 86 P.2d 942, 942–43 (1939) (defendant provided minor alcohol).

**¶23**        With respect to the evidence at issue here, Speers points out that, although he denied molesting the girls, he did not contest the state's evidence that he had admitted engaging in what he

---

[5] In *Sutton*, our supreme court determined "contributing to the delinquency of a minor is a lesser included offense of child molesting" because "a person who molests a child necessarily performs an act which 'tends to debase or injure the morals, health or welfare of a child.'" 104 Ariz. at 318–19, 452 P.2d at 111–12, *quoting* former A.R.S. § 13-821, renumbered as § 13-3612 by 1977 Ariz. Sess. Laws, ch. 142, § 99. This definition has remained unchanged. *See* A.R.S. § 13-3612(1). Although whether an offense is lesser-included "typically requires a close analysis of the elements of the two relevant offenses," precedent controls that determination here. *State v. Garcia*, 235 Ariz. 627, ¶ 7, 334 P.3d 1286, 1289 (App. 2014); *see also State v. Davis*, 137 Ariz. 551, 562, 672 P.2d 480, 491 (App. 1983) (because "current definitions of contributing to the delinquency of a minor and child molesting are identical to the former definitions of those crimes, . . . *Sutton* and its progeny are still applicable").

characterized as "inappropriate" conduct with them, including kissing, hugging, and "patting some of the students on the bottom." Each of the victims named in counts three through five testified she had been sitting on Speers's lap when he reached into her jumper pocket and touched her vagina. The state also elicited testimony from other school employees that it was "inappropriate" for Speers to have held second-grade girls on his lap, and the state made a point, in both initial and rebuttal closing arguments, of mentioning Speers's admissions to such inappropriate conduct, as well as the testimony of the three girls who said they had been molested while Speers held them on his lap. Speers thus distinguished this case from *State v. Cousin*, 136 Ariz. 83, 87, 664 P.2d 233, 237 (App. 1983), on which the state relies. There, we affirmed a denial of the same lesser-included instruction, urged based on the defendant's admissions of spanking the victims while they were naked, when the trial court found "no evidence that the spankings occurred at the times of the molestations." *Id.*

¶24      Based on the record before us, including, in particular, Higgins's affidavit, we conclude Speers stated a colorable claim that Riggins performed deficiently in abandoning his request for a jury instruction on the lesser-included offense of contributing to the delinquency of a minor.

Alleged Misconduct of Juror Two

¶25      When the trial court was interviewing the jurors individually about whether they could disregard the extrinsic information provided by juror eleven, juror sixteen mentioned that another juror, determined to be juror two, also had commented "[t]hat she was familiar with similar situations" to those "presented . . . in court." The court made no further inquiry, of either that juror or juror two, regarding the substance of any such comments. In arguing for a mistrial, Riggins maintained the court's colloquy provided an insufficient basis to proceed, "particularly regarding personal experiences that apparently had been brought into the jury deliberations," such as juror sixteen's mention that juror two had shared "some personal experience she may have had." When Riggins referred to the "inflammatory" "nature of this information," the court stopped her to ask, "Because of the—what was the

pronoun 'this'?  I didn't catch—what do you mean 'this'?  Because this information is so inflammatory.  Which . . . information?"  Riggins responded that if juror eleven "was saying what a major impact emotionally this had on his family" and juror two "shar[ed] personal experiences of a similar nature," such "information . . . can very easily sway a jury considering these very, very difficult issues in this case."

¶26         According to juror two's affidavit, she herself had been molested as a child and had "reported the molestation," along with "the fact that [she] remembered all of the details," to all members of the jury.  And C.W. stated in her affidavit that she had, with Riggins's permission, attempted to interview jurors after the verdicts were returned, and had told Riggins, before a motion for new trial was filed, that two jurors told her juror two had said during deliberations that she remembered the molestation "like it happened yesterday."

¶27         In a motion for new trial, Riggins argued the trial court had erred in denying a mistrial based on juror misconduct.  Although the motion focused on juror eleven's revelation of his conversation with a relative, Riggins suggested those statements reportedly "resulted in a response of Juror #2, who indicated she had the same experiences regarding abuse or molestation"[6] and was not questioned further.  In a footnote to a discussion of juror eleven's failure to disclose during voir dire that a family member had been a victim of a crime, Riggins wrote, "It appears that other trial jurors may have been similarly misleading during voir dire.  For example, Juror #2 never revealed her prior molestation during voir dire despite being asked directly about previous victimization." [7]

---

[6] Although Riggins attributed this report to juror number eight, the only such reference during the trial court's interviews was juror sixteen's statement that juror two had commented "[t]hat she was familiar with similar situations" to those "presented . . . in court." *See supra* ¶ 25.

[7] Juror two explained in her affidavit that she had not revealed the information to the trial court when asked if she had been "a

¶28 In denying Speers's claim that Riggins was ineffective in "failing to perfect," in her motion for a new trial, claims of jury misconduct and bias by juror two, thus precluding him from raising the issue on appeal, the trial court wrote,

> [Speers's] assertion that the issue of juror misconduct was not properly preserved for appeal is, at best, speculation. The issue was not raised by [Speers] on direct appeal, nor did the Court of Appeals indicate or find that the issue could not be reviewed due to lack of a trial court record. Coupled with the Court of Appeals' ability to review claims for fundamental error, even when an issue is not directly raised, the Court finds there is no basis to conclude the issue could not have been raised on appeal. The unfounded conclusory assertion that Ms. Riggins did not make a proper record is insufficient to support a finding of ineffective assistance of counsel.

¶29 In view of Higgins's affidavit, we conclude the trial court abused its discretion in finding Speers failed to state a colorable claim of deficient performance on this issue. In Higgins's opinion, Riggins was "clearly ineffective" in failing to investigate juror two's alleged misconduct and in "fail[ing] to preserve the issue for direct appellate review." As Higgins suggests, without an "affidavit or other supporting documentation," there was no record evidence to support Riggins's assertion that juror two had been molested as a child, and nothing to indicate she had reported her clear memory of that event to the jury during deliberations. Even when reviewing for fundamental error, we may only consider error that "affirmatively appear[s] in the record." *State v. Diaz*, 223 Ariz. 358, ¶ 13, 224 P.3d 174, 177 (2010) (appellate court will not reverse conviction "based on speculation or unsupported inference").

---

victim of a crime of any kind" because the incident had never been reported to the police.

Speers has stated a colorable claim that counsel performed deficiently in this regard.

Prejudice

**¶30** In its order, the trial court addressed the issue of prejudice only briefly, stating Speers had not "set forth any reasonable theory of prejudice, let alone any legal or factual basis to support a finding of prejudice," and, therefore, "failed to demonstrate that the outcome was unfairly prejudiced by, or would have been different but for, the allegedly deficient performance of trial counsel." Based on Speers's petition, appendix documents, and portions of the record cited, we cannot agree. As Speers argued below, his defense relied on expert testimony "concerning the suggestive nature of the children's interviews in generating false memories" and was "consistent with the children's memory of being tickled, having their buttock[s] touched, as well as sitting on [Speers's] lap, during the reported acts." His primary theory of defense appears to have been that the children had "falsely supplement[ed] these memories through subtle suggestion from an outside source." His suggestion that he was prejudiced by counsel's omission of a lesser-included offense instruction and her failure to investigate and pursue evidence that a juror had proclaimed her own clear memory of childhood molestation is sufficiently plausible to entitle him to an evidentiary hearing.

**¶31** To the extent Speers has framed the issue of prejudice in the context of counsel's failure to preserve these claims for appeal, however, we cannot agree that the result of his appeal is the proper focus for assessing prejudice. He is challenging his attorney's conduct at his trial, and must show that Riggins's alleged unprofessional errors and omissions were sufficiently prejudicial that they "undermine[d] confidence in the outcome" of that proceeding. *Strickland*, 466 U.S. at 694, 696 (stating "ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged").

14

Other Claims

¶**32**      With respect to Speers's claim that Riggins impermissibly interfered with his right of self-representation, we see no abuse of discretion in the trial court's ruling. Before appointing Riggins, the court cautioned Speers that she would be responsible for his representation going forward and explained that he would not be permitted to return to self-representation if he thought Riggins was "doing something wrong." Speers told the court he understood. Speers has cited no authority suggesting Riggins performed deficiently in failing to inform him of her future decision to abandon his lesser-included jury instruction, and no evidence she had even considered such a decision when appointed as his counsel.

¶**33**      Nor did the trial court abuse its discretion in summarily denying relief based on alleged "newly discovered" evidence of misconduct by juror thirteen. In addition to issues of due diligence identified by the court, we conclude the interview with juror thirteen that Speers submitted below fails to support a colorable claim that the juror either materially omitted or materially misrepresented information about his law enforcement experience and whether he "kn[e]w" Speers.

## Disposition

¶**34**      For the foregoing reasons, we grant review and grant partial relief. The trial court's order is vacated in part and the case is remanded for an evidentiary hearing limited to those issues identified in this decision.