NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

HARVEY LEON FULGHAM, *Petitioner*.

No. 1 CA-CR 16-0344 PRPC
FILED 11-21-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2011-008006-001
The Honorable Roland J. Steinle, III, Judge, *Retired*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Harvey Leon Fulgham, Kingman
*Petitioner*

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer B. Campbell joined.

**B R O W N,** Judge:

¶1        Harvey Fulgham petitions for review of the summary dismissal of his second notice of post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        Fulgham pleaded guilty to one count of molestation of a child and two counts of attempted molestation of a child, all dangerous crimes against children, occurring between May and November 2010.   The superior court sentenced Fulgham in January 2014, in accordance with the terms of the plea agreement, to a mitigated term of 10 years' imprisonment for molestation of a child and placed him on concurrent terms of lifetime probation for attempted molestation of a child.

¶3        Fulgham filed a timely notice of post-conviction relief.  After counsel notified the superior court that he found no basis for post-conviction relief and Fulgham failed to file a timely *pro se* petition, the superior court summarily dismissed the proceeding in April 2015.

¶4        Eleven months later, Fulgham filed a second notice of post-conviction relief advising of his intent to raise claims of ineffective assistance of counsel and newly discovered material facts.  The superior court summarily dismissed the notice, ruling the claims of ineffective assistance of counsel were precluded and that Fulgham failed to meet his burden of supporting the claims of newly discovered material facts with specific facts and meritorious reasons for not raising them in a timely manner.  This petition for review followed.

¶5        On review, Fulgham argues the superior court erred in dismissing his second notice of post-conviction relief.  We review the summary dismissal of a proceeding for post-conviction relief for an abuse of discretion.  *See State v. Speers*, 238 Ariz. 423, 427, ¶ 10 (App. 2015).

¶6        Fulgham has not established any error.  His notice was successive and untimely, and no exception applies.  *See* Ariz. R. Crim. P. 32.2(a)-(b).  The superior court's ruling clearly identified, fully addressed, and correctly resolved the claims sought to be raised by Fulgham.  Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's ruling.  Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision."  *State v. Whipple*, 177 Ariz. 272,

274 (App. 1993). We therefore adopt the superior court's ruling, and, finding no error, grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA