NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROBERT LEE CURRY, *Petitioner*.

No. 1 CA-CR 21-0066 PRPC
FILED 11-30-2021

Appeal from the Superior Court in Yavapai County
No. P1300CR201300763
The Honorable Krista M. Carman, Judge
The Honorable Jennifer B. Campbell, Judge (retired)

**REVIEW GRANTED/RELIEF GRANTED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Bill Hughes
*Counsel for Respondent*

Robert Lee Curry, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**M c M U R D I E**, Judge:

¶1 Robert Lee Curry petitions this court to review the summary dismissal of his post-conviction relief petition claiming that the superior court abused its discretion by denying him an evidentiary hearing. We grant review and relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Curry entered a plea agreement with the State agreeing to plead guilty to one count of child molestation, a dangerous crime against children (DCAC), committed in July 2011 against Cathy.[1] *See* A.R.S. § 13-1410(A). He also pled guilty to one count of attempted sexual conduct with a minor under 15 (DCAC) (Bethany) and three counts of sexual conduct with a minor (Anna). The plea agreement provided that the court would sentence Curry to prison between 11 and 13 years for the child-molestation count and place him on lifetime probation for the remaining counts.

¶3 The court accepted the plea agreement and sentenced Curry according to the plea-agreement terms. The court sentenced Curry to 11 years' imprisonment for molesting Cathy in July 2011. It suspended imposing a sentence on the remaining convictions and placed Curry on lifetime probation beginning upon his release from prison on the molestation conviction.

¶4 Curry petitioned for post-conviction relief. In his petition, he raised, *inter alia*, the following issue: "[C]ount one victim's birth was July 1, 1995, the offense was committed on July 2011. Thus making the victim sixteen years old and changing the sentence from a class two to a class six felony." Curry claimed that he was entitled to relief because "[t]he sentence

---

[1] To protect the victims' identities, we use pseudonyms.

as imposed is not authorized by law." But the court summarily dismissed the PCR proceeding because Curry filed it untimely.

**¶5**        Curry petitioned for review, and we have jurisdiction under A.R.S. §§ 13-4031, -4239, and Arizona Rule of Criminal Procedure 33.16.[2]

## DISCUSSION

**¶6**        This court will not disturb a superior court's ruling on a post-conviction relief petition absent an abuse of discretion or error of law. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012); *State v. Macias*, 249 Ariz. 335, 340, ¶ 16 (App. 2020) ("We review for an abuse of discretion the superior court's denial of post-conviction relief based on lack of a colorable claim."). It is a defendant's burden to show the superior court abused its discretion by denying the PCR petition. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). We review the court's legal conclusions *de novo*. *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017).

**¶7**        A trial court must summarily dismiss a Rule 33 petition if all claims are precluded or if, for non-precluded claims, it finds no "material issue of fact or law that would entitle the defendant to relief." Ariz. R. Crim. P. 33.11(a); *see State v. Speers*, 238 Ariz. 423, 426, ¶ 9 (App. 2015). But a defendant is entitled to a hearing if a non-precluded PCR claim "is colorable." *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006). A claim is colorable when "if the allegations are true, [they] might have changed the outcome." *State v. Runningeagle*, 176 Ariz. 59, 63 (1993); *State v. Boldrey*, 176 Ariz. 378, 380 (App. 1993). At a hearing, the defendant has the burden to prove the claim. *See* Ariz. R. Crim. P. 33.13(c).

**¶8**        The crime of molestation requires the State to prove that a defendant "intentionally or knowingly engage[d] or cause[d] a person to engage in sexual contact . . . with a child who is under fifteen years of age." A.R.S. § 13-1410(A). The plea agreement specified that the crime was committed in July 2011. But according to the grand jury transcripts, Cathy,

---

[2]        Effective January 1, 2020, our supreme court amended the post-conviction relief rules. The rules relating to defendants who plead guilty are now codified in Rule 33. The amended rules apply to all cases pending on the effective date unless a court determines that applying the amended rule would be infeasible or work an injustice. Because there were no substantive changes to the respective rules related to this decision, we apply and cite the current rules.

the molestation victim, was born on July 1, 1995. If that is her correct birth date, then in July 2011, Cathy would have been 16. Thus, as Curry asserted, if the facts are accurate, he is innocent of the crime in the plea agreement. *See State v. Wallace*, 151 Ariz. 362, 365 (1986) (Where no facts support the elements of the crime, "conviction on a guilty plea cannot be sustained.").

**¶9** Arizona Rule of Criminal Procedure 33.4 sets forth three general timing requirements for PCR petitions by defendants who pled guilty. Claims asserting a constitutional basis must be filed within 90 days of sentencing. Ariz. R. Crim. P. 33.4(b)(3)(A); *see* Ariz. R. Crim P. 33.1(a). Claims of ineffective assistance of the first PCR counsel must be filed within 30 days of the final order in the first PCR proceeding. Ariz. R. Crim. P. 33.4(b)(3)(C). Any other claim (Rule 33.1(b) through (h)), such as an illegal sentence or actual innocence, must be filed "within a reasonable time after discovering the basis for the claim." Ariz. R. Crim. P. 33.4(b)(3)(B).

**¶10** The superior court did not abuse its discretion by dismissing Curry's constitutional and ineffective-counsel claims as untimely. The court would have had to excuse the untimely filing of these claims if Curry showed that the untimeliness was not his fault, s*ee* Rule 33.4(b)(3)(D), which he did not. As the court noted, Curry filed his PCR petition more than six years late without good cause for the delay.

**¶11** But the remaining claim is a claim under Rule 33.1(c) and (h), which allow for relief on the grounds of an illegal sentence or actual innocence. Because a PCR petition for review to this court is discretionary, we do not review for fundamental error. *State v. Smith*, 184 Ariz. 456, 459 (1996). And fundamental error is not an exception to preclusion under the post-conviction relief rules. *State v. Swoopes*, 216 Ariz. 390, 403, ¶ 42 (App. 2007). But we review Curry's illegal-sentence and actual-innocence claims because they are exceptions to the preclusion rule. Ariz. R. Crim. P. 33.2(b)(1). And any "court may determine by a preponderance of the evidence" if "an issue is precluded." *Id.*; *see State v. Quijada*, 246 Ariz. 356, 362, ¶ 13, n.1 (App. 2019) ("[T]his court has the discretion to apply preclusion on review[.]").

**¶12** Unlike constitutional or ineffective-counsel claims, which are subject to express deadlines, claims of an illegal sentence or actual innocence need to be raised only "within a reasonable time." Ariz. R. Crim. P. 33.4(b)(3)(B). "Under the 'within a reasonable time' standard, the passage of time alone cannot preclude relief on either ground." *State v. Reed*, ___ Ariz. ___, ___, ¶ 14 (App. 2021). Instead, a court considering whether such a claim is timely "must consider whether the delay is reasonable, which

requires consideration of, *inter alia*, the consequences of a failure to address the merits of the claim and the prejudice to the State or victim[.]" *Id.* Applying these principles here, although Curry petitioned for relief six years after his sentencing, his conviction and sentence may be illegal.

**¶13** If Cathy was 16 on the offense date in the plea agreement, then under Rule 33.1(h), Curry is not guilty of the offense under Arizona law. *See Reed* at ___, ¶ 16; *Wallace*, 151 Ariz. at 365. He would have also received a sentence for an offense that "is not authorized by law." *See* Ariz. R. Crim. P. 33.1(c). Thus, Curry has presented a colorable claim for relief and is "entitled to a hearing." *Speers*, 238 Ariz. at 426–27, ¶ 9. We note that the State has never had a chance to allege prejudice under *Reed*. We defer to the superior court on how to allow for such evidence on remand.

**¶14** If the State fails to prove prejudice under *Reed* and Curry proves that Cathy was 16 on the date of the offense in the plea agreement, then the State would have to prove that the error is harmless. *See* Rule 33.13(c). If the court determines that Curry is entitled to relief, it should vacate the conviction, set aside the plea agreement, and proceed with the original charges.

## CONCLUSION

**¶15** We grant review and relief as stated in the decision.



AMY M. WOOD • Clerk of the Court
FILED: AA

5