NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Petitioner*,

*v.*

JUAN CASTILLO, *Respondent*.

No. 1 CA-CR 25-0225 PRPC

FILED 10-27-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2015-005445-001
The Honorable Michael C. Blair, Judge

**REVIEW GRANTED; RELIEF GRANTED IN PART/DENIED IN PART**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jordan A. Smith
*Counsel for Petitioner*

OR.T.EGA & OR.T.EGA, PLLC, Phoenix
By Alane M. Ortega
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1**            The State petitions for review from the superior court's grant of post-conviction relief ("PCR") to Juan Castillo on four counts of engaging in sexual conduct with a minor under 15 (counts one, four, five, and six). We grant review of the superior court's decision to vacate the convictions, and grant relief to the State on count one, but deny relief on counts four, five, and six.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**            Shortly before marrying in 2008, Castillo began living with his wife ("Mother") and her young daughter, Emily (a pseudonym). In January 2015, Emily told a friend that Castillo was sexually abusing her. Emily's friend's mother told Mother what Emily had said. Mother called the police, who investigated. Emily disclosed some incidents to a detective and others to a forensic interviewer, Dr. Amy Heil. *State v. Castillo*, 1 CA-CR 19-0224, 2020 WL 5242383, at *1, ¶ 6 (Ariz. App. Sep. 3, 2020) (mem. decision).

**¶3**            A grand jury later indicted Castillo on seven counts of sexual conduct with a minor (counts one, two, four, five, six, seven, and eight), class 2 felonies, and one count of molestation of a child (count three), also a class 2 felony. *Castillo*, 1 CA-CR 19-0224, at *1, ¶ 7. While testifying at the trial, Emily had trouble remembering when the alleged offenses occurred. Because Emily could not narrow the timeframes sufficiently, the detective and Dr. Heil testified about the dates discussed in their respective interviews with Emily. Castillo's trial counsel objected to the detective's testimony as hearsay but did not object to Dr. Heil's testimony.

**¶4**            After a six-day trial, the jury convicted Castillo on all counts. *Castillo*, 1 CA-CR 19-0224, at *1, ¶ 7. The superior court sentenced Castillo to consecutive presumptive terms of 20 years on the seven sexual conduct convictions and a 17-year consecutive term for the molestation conviction. On appeal, we vacated one of the sexual conduct convictions (count eight) for insufficient evidence. *Id.* at *1-*2, *3, ¶¶ 1, 8, 10, 25. We also reversed

Castillo's convictions on counts two and three, concluding that the detective's testimony relaying the timeframes was inadmissible hearsay. *Id.* at *3-*4, ¶¶ 19, 21, 22, 25. We affirmed the remaining convictions and sentences.

**¶5** After his appeal, Castillo petitioned for PCR under Arizona Rule of Criminal Procedure ("Criminal Rule") 32.1, arguing that trial counsel's performance fell below an objective standard of reasonableness when she failed to object to the hearsay statements in Dr. Heil's testimony. After an evidentiary hearing, the superior court found that trial counsel's failure to object constituted ineffective assistance of counsel ("IAC") and set aside the convictions on counts one, four, five, and six. The State petitioned this court for review. We have jurisdiction under Arizona Revised Statutes § 13-4239(C) and Criminal Rule 32.16.

## DISCUSSION

**¶6** We review the superior court's PCR rulings for an abuse of discretion. *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021). When the superior court commits an error of law or fails to investigate the facts supporting its decision adequately, it constitutes an abuse of discretion. *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). Whether Castillo received "ineffective assistance [of counsel] is a mixed question of fact and law," which we review *de novo*. *State v. Denz*, 232 Ariz. 441, 444, ¶ 6 (App. 2013) (Both the prejudice and performance prongs of an IAC claim are mixed questions of law and fact.). So while we defer to the PCR court's factual findings, we review the ultimate legal conclusion *de novo*. *Id.*

**¶7** To prevail on an IAC claim, a defendant must prove deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In proving deficient performance, the defendant must prove that counsel's representation "fell below an objective standard of reasonableness." *Hinton v. Alabama*, 571 U.S. 263, 272 (2014) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)). We measure the standard of reasonableness by the "practice[s] and expectations of the legal community." *Padilla*, 559 U.S. at 366. Still, in doing so, we presume that "counsel's conduct falls within the wide range of reasonable professional assistance" that "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (quotation omitted). To overcome the presumption, a defendant is "required to show counsel's decisions were not tactical in nature, but were instead the result of ineptitude, inexperience or lack of preparation." *Denz*, 232 Ariz. at 444, ¶ 7 (quotation omitted); *State v. Speers*, 238 Ariz. 423, 427, ¶ 12 (App. 2015). Courts must make every effort to "eliminate the

3

distorting effects of hindsight," and "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

¶8            If a defendant shows deficient performance, the inquiry shifts to prejudice. *Strickland*, 466 U.S. at 687; *State v. Miller*, 251 Ariz. 99, 102, ¶ 9 (2021). To show IAC prejudice, a defendant needs to show a "reasonable probability" that, but for counsel's errors, the result of the proceeding would have been different. *Miller*, 251 Ariz. at 105, ¶ 17. In other words, a defendant must show that counsel's errors deprived him or her of a fair trial with a reliable result. *Id.* IAC is a constitutional violation, *Strickland*, 466 U.S. at 685-86, and once the defendant has shown deficient performance and prejudice, the burden shifts to the State to prove, beyond a reasonable doubt, that the violation was harmless, *id.*; Ariz. R. Crim. P. 32.13.

## A.    Trial Counsel's Failure to Object to Inadmissible Hearsay Constitutes Deficient Performance.

¶9            At trial, Emily struggled to recall the exact times when the charged offenses occurred. Dr. Heil offered a timeframe for the offenses based on her forensic interview with Emily. For counts one and six, Dr. Heil testified that Emily said the offenses occurred while she was in the seventh grade. For count four, Dr. Heil testified that Emily stated the offense occurred at the beginning of her eighth-grade year. For count five, Dr. Heil testified that Emily said it was when she was in the seventh grade. Trial counsel did not object to Dr. Heil's testimony.

¶10           The State did not contest in the PCR proceedings or on review that Dr. Heil's testimony about the timeframes in which the offenses occurred contained inadmissible hearsay. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Ariz. R. Evid. 801(c); *State v. Chavez*, 225 Ariz. 442, 444, ¶ 7 (App. 2010). Unless an exception applies, hearsay is inadmissible. Ariz. R. Evid. 802.

¶11           At the PCR evidentiary hearing, trial counsel articulated several reasons for not objecting to Dr. Heil's testimony. First, she believed an objection would give the jury the impression she was hiding something. But as the PCR court noted, trial counsel could have objected through a motion *in limine* or requested a bench conference to prevent the jury from drawing a negative inference.

¶12           Trial counsel also testified that she chose not to object because she believed the court would overrule the objection. But during Dr. Heil's testimony, the court suggested it might sustain a hearsay objection when it questioned the State about why the statements were not hearsay. In

response, rather than objecting as suggested by the court's inquiry, defense counsel answered, "[a]nd [] we did talk about this yesterday. So the dates are not hearsay. I just don't want her going into great detail about the acts." Thus, trial counsel affirmatively argued for the testimony's admissibility.

¶13　　　　Finally, trial counsel testified she worried that if the objection were sustained, the State would recall the "very credible, very likable, very empathetic" victim to help "narrow the timeframe." Trial counsel worried recalling the victim would expose the jury to "more of what they already saw" in "a good State witness." But recalling the victim would have allowed trial counsel to cross-examine her about her failure to remember the timeframe. *See* Ariz. R. Evid. 611(b) (On cross-examination, a witness may be examined about any relevant matter.). And the issue about when the assaults happened was central to Castillo's defense strategy of casting doubt on Emily's recollection of events.

¶14　　　　Trial counsel's decisions were not tactical but the result of ineptitude, inexperience, or lack of preparation. *See Denz*, 232 Ariz. at 444, ¶ 7. Neither party argues on review that Dr. Heil's testimony about the alleged dates was admissible, as trial counsel stated at the trial. And the superior court properly could conclude that the reasons stated at the PCR evidentiary hearing (fear of being overruled or recalling the victim) do not hold water. Preserving an alleged error for further review helps represent a criminal defendant. *See State v. Perez-Gutierrez*, 257 Ariz. 334, 341, ¶ 30 (2024) ("A defendant should always object in a timely manner to any perceived error."); *Speers*, 238 Ariz. at 431, ¶¶ 28-30 (Counsel's performance may be deficient for failing to preserve an issue for appeal, causing the appellate court to only review for fundamental error.). And trial counsel offered no reason why she believed the victim would be more inclined to remember the offense dates if recalled than she could when she testified during direct examination. The superior court did not abuse its discretion by finding that trial counsel engaged in deficient performance.

**B.　　Trial Counsel's Deficient Performance Prejudiced Castillo on Counts Four, Five, and Six.**

¶15　　　　The State argues that trial counsel's decision not to object did not prejudice Castillo. The State is correct as to count one, but not as to counts four, five, and six. Castillo's trial strategy centered on questioning Emily's credibility based on her inability to recall details about the incidents, including the timelines.

¶16          As noted above, for two of the counts, the only evidence about when the events occurred was the testimony of the detective. Trial counsel objected, on hearsay grounds, to the detective's testimony related to dates. On the direct appeal, Castillo challenged the admission of the detective's testimony establishing the time frames for counts two and three. In the appeal, the State argued that the statements were admissible as prior consistent statements. Arizona Rule of Evidence 801(d)(1)(B)(ii) provides that a declarant's prior consistent statements are admissible if made "before the existence of facts that indicate a bias arises." *Castillo*, 1 CA-CR 19-0224, at *3, ¶ 21 (quoting *State v. Martin*, 135 Ariz. 552, 554 (1983)). We held that the prior consistent statement rule was inapplicable because the State failed to present evidence showing when Emily's motive to fabricate, reflecting bias, began. *Id.* The same analysis applies to Dr. Heil's testimony related to Emily's statements. Emily's out-of-court statements to the doctor were inadmissible as prior consistent statements, just as they were inadmissible for the detective's testimony.

¶17          For counts four, five, and six, the only evidence the State offered at trial about the dates of the offenses was Dr. Heil's testimony. *See State v. McGann*, 132 Ariz. 296, 299 (1982) (Improperly admitted hearsay evidence may be prejudicial.); *cf. State v. Wood*, 180 Ariz. 53, 65 (1994). For those counts, Castillo has shown deficient performance and a reasonable probability of a different trial outcome.

¶18          Unlike counts four, five, and six, Dr. Heil only corroborated Emily's testimony that count one occurred during the "seventh grade." Because Dr. Heil did not narrow the timeframe Emily offered, no prejudice resulted from Dr. Heil's inadmissible testimony about count one. *See Wood*, 180 Ariz. at 65 (When other witnesses present direct testimony on the same issue, no prejudice results.). Thus, trial counsel's failure to object to count one did not prejudice Castillo, and we vacate the superior court's grant of relief on that count.

**C.       The State Failed to Show the Error Was Harmless.**

¶19          By proving IAC, Castillo has established a constitutional violation for counts four, five, and six. *Strickland*, 466 U.S. at 685-86 (The Sixth Amendment recognizes the accused's right to the effective assistance of counsel.). Under Criminal Rule 32.13(c), the State bears the burden of proving, beyond a reasonable doubt, that a constitutional violation was harmless.

¶20     The State asserts that it could have recalled the victim to testify at the trial had an objection been sustained. But it offered no evidence to show what the victim's testimony would have been (or that it would have been more precise than the victim's original testimony), or how the error in admitting Dr. Heil's testimony was harmless. The State could have tried to prove that the error was harmless by calling the victim to testify at the PCR hearing about her ability to narrow the timeframes, but it did not do so. Without proof that the victim would have been able to narrow the timeframe, the State's claim here is speculative. *See State v. Portillo*, 182 Ariz. 592, 596 (1995) (Proof beyond a reasonable doubt is firmly convincing.). Thus, the State has failed to meet its burden, and as Castillo has proven the constitutional error, the superior court correctly granted Castillo relief for counts four, five, and six.

## D.     The State May Retry the Reversed Counts.

¶21     This court has reversed six of the eight convictions in two appeals. One conviction cannot be retried because it was vacated for insufficient evidence. *State v. Rumsey*, 136 Ariz. 166, 169 (1983) (If "the defendant has been acquitted or the conviction reversed on the ground the evidence was insufficient to convict, the principles underlying the double jeopardy clause demand that he not be retried."). The other reversed counts were reversed for trial error and may be retried. *State v. May*, 210 Ariz. 452, 459, ¶ 25 (App. 2005) ("When a case is reversed for trial error, the State is not foreclosed from a retrial or from presenting evidence at a new trial in response to that error."(cleaned up)).

## CONCLUSION

¶22     We grant the State's petition for review and grant relief as to count one, but deny relief as to counts four, five, and six. We remand for potential retrial on the reversed counts.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:             JR

7